**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| GILBERTO PINTO, | : | |
| | | Civil Action No. 04-1380 (JBS) |
| Petitioner, | : | |
| | | |
| v. | : | **OPINION** |
| | | |
| C.J. DeROSA, | : | |
| | | |
| Respondent. | : | |

**APPEARANCES:**

| | |
|---|---|
| Petitioner pro se | Counsel for Respondent |
| Gilberto Pinto | John Andrew Ruymann |
| #31460-053 | Assistant U.S. Attorney |
| Federal Detention Center | 402 East State Street |
| P.O. Box 5010 | Room 430 |
| Oakdale, LA  71463 | Trenton, NJ 08608 |

**SIMANDLE**, District Judge

   Petitioner Gilberto Pinto, a prisoner previously confined at the Federal Correctional Institution at Fort Dix, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]

---

   [1] Section 2241 provides in relevant part:

   (a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
   (c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

## I.   BACKGROUND

On March 20, 1987, Petitioner was sentenced in the United States District Court for the Eastern District of New York, to the following terms of imprisonment:  (1) on Count One, for conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846, a term of 20 years incarceration; and (2) on Counts Two, Three, and Four, for possession of cocaine entering the United States onboard a vessel, in violation of 21 U.S.C. § 955, for importation of cocaine, in violation of 21 U.S.C. 952(a), and for possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1), a term of 15 years incarceration, to run consecutive to the term of 20 years incarceration imposed for Count One.  In addition, Petitioner was sentenced to another concurrent sentence of four years incarceration, on Counts 11-13, for use of a telephone to facilitate distribution of cocaine in violation of 21 U.S.C. § 843(b).  Petitioner also was sentenced to a Special Parole term of life on each of Counts Two through Four.  Thus, Petitioner's aggregate sentence was 35 years incarceration and a Special Parole term of life.

The Bureau of Prisons awarded Petitioner jail credit for time served from August 13, 1985, through March 19, 1987.  The BOP calculated Petitioner's initial parole eligibility date as August 13, 1995.

After the initial parole hearing, the U.S. Parole Commission determined in a Notice of Action dated October 31, 1995, that Petitioner was not suitable for parole release under the criteria of 18 U.S.C. § 4206(a).  The Commission determined that Petitioner's large-scale cocaine offense merited an offense severity rating of Category Eight.  Petitioner's salient factor score was 9.

The Commission's parole release guidelines provided for a range of 100+ months to be served before release.  See 28 C.F.R. § 2.20 (Table).  The Commission determined, however, that Petitioner should continue to be confined until the expiration of his term.  The Commission regulations require that "[f]or decisions exceeding the lower limit of the applicable guideline category by more than 48 months, the Commission will specify the pertinent case factors upon which it relied in reaching its decision."  28 C.F.R. § 2.20 (Table, Note).  The Commission explained its reasoning thus:

> After review of all relevant factors and information presented, a decision more than 48 months above the minimum guideline range is warranted because you were the principal organizer in a sophisticated drug trafficking operation that over a two year period was responsible for the distribution of in excess of 1800 pounds of cocaine, with over 350 kilograms having been seized, an amount that far exceeds the base limit quantity for a Category Eight offense.

(Answer, Ex. 2c, Notice of Action, October 31, 1995.)  This decision was affirmed by the National Appeals Board.

The Commission has conducted interim hearings as required by law, ordering no change in its initial decision that Petitioner serve to the expiration of his sentence. Each such decision has been affirmed by the National Appeals Board.

The BOP has calculated Petitioner's full term release date as August 12, 2020, using the entire length of the 35-year sentence. The BOP has projected Petitioner's mandatory release date, taking into account earned and anticipated statutory good time credits and extra good time credits, as November 8, 2005. Petitioner disputes the calculation of his mandatory release date, and has exhausted his administrative remedies with respect to that dispute.[2]

In this Petition, Petitioner asserts that:

> The Bureau of Prisons and the U.S. Parole commission violated Title 18 U.S.C. § 4205(a) [parole

---

[2] The BOP Administrative Remedy Program is a three-tier process that is available to inmates confined in institutions operated by the BOP for "review of an issue which relates to any aspect of their confinement." 28 C.F.R. § 542.10. An inmate must initially attempt to informally resolve the issue with institutional staff. 28 C.F.R. § 542.13(a). If informal resolution fails or is waived, an inmate may submit a BP-9 Request to "the institution staff member designated to receive such Requests (ordinarily a correctional counsel)" within 20 days of the date on which the basis for the Request occurred, or within any extension permitted. 28 C.F.R. § 542.14. An inmate who is dissatisfied with the Warden's response to his BP-9 Request may submit a BP-10 Appeal to the Regional Director of the BOP within 20 days of the date the Warden signed the response. 28 C.F.R. § 542.15(a). The inmate may appeal to the BOP's General Counsel on a BP-11 form within 30 days of the day the Regional Director signed the response. Id. Appeal to the General Counsel is the final administrative appeal. Id.

>      eligibility], Title 18 U.S.C. § 4161 [good time
>      credits], after petitioner's have been denied his right
>      to be on parole on his aggregated 35 years sentence.

(Petition, Ground One.)  Respondent has answered that the Commission denied parole in compliance with applicable regulations and law and that Petitioner's sentence was properly calculated.  Although this Court granted Petitioner leave to file a reply in support of the Petition, he has not filed a reply.  This matter is now ready for disposition.

### III.  ANALYSIS

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

A.   The Denial of Parole

Pursuant to 18 U.S.C. § 4205(a),[3] "a prisoner shall be eligible for release on parole ... after serving ten years of ...

---

[3] Title 18 U.S.C. § 4205 has been repealed, but remains in effect as to Petitioner, who committed his offense prior to the effective date of the repeal.  See Pub.L. No. 98-473 §§ 218(a)(5) and 235, 98 Stat. 1838, 2032 (1984).

5

a sentence of over thirty years ... ."  Thus, Petitioner became eligible for parole on August 13, 1995, after serving ten years on his 35-year sentence.  The Parole Commission timely considered Petitioner for parole.

Petitioner appears, however, to misunderstand the meaning of parole eligibility.  Petitioner does not assert any procedural deficiency in his hearing, or any deficiency in the factual basis for the denial of parole, see, Gambino v. Morris, 134 F.3d 156 (3d Cir. 1998) (citing Zannino v. Arnold, 531 F.2d 687, 691 (3d Cir. 1976)).  Instead, Petitioner appears to base his challenge to the denial of parole on the theory that he is absolutely entitled to parole after serving ten years.  To be eligible for parole, however, is not to be entitled to parole.  See Petri v. Warden, 507 F.Supp. 5 (M.D. Pa. 1980), aff'd, 636 F.2d 1210 (3d Cir. 1980).

Here, the applicable parole guidelines range contained no upper limit, see Madonna v. U.S. Parole Commission, 900 F.2d 24 (3d Cir. 1990), the Commission specified the factors causing it to render a decision more than 48 months above the guidelines 100-month minimum, and Petitioner does not dispute the accuracy of the factual basis for the Commission's decision.  Petitioner's challenge to the denial of parole is without merit.

B.   The Calculation of Petitioner's Sentence

Title 18 Section 4161 governs the calculation of good time credits for prisoners, such as Petitioner, who committed their offenses prior to November 1, 1987.[4]

> Each prisoner convicted of an offense against the United States and confined in a penal or correctional institution for a definite term other than for life, whose record of conduct shows that he has faithfully observed all the rules and has not been subjected to punishment, shall be entitled to a deduction from the term of his sentence beginning with the day on which the sentence commences to run, as follows:
>
> ...
>
> Ten days for each month, if the sentence is ten years or more.
>
> When two or more consecutive sentences are to be served, the aggregate of the several sentences shall be the basis upon which the deduction shall be computed.

18 U.S.C. § 4161 (repealed).

Although Petitioner refers to § 4161 in the Petition, in his Brief in Support of the Petition, he states that the BOP miscalculated his sentence because he should be released after serving twenty years, based upon the "stacking" he alleges should occur with respect to the alleged separate ten-year parole ineligibility term for each of his two consecutive sentences. (Petitioner's Brief at 6.)

---

[4] Section 4161 has been repealed, but remains in effect with respect to Petitioner, who committed his offense before November 1, 1987.  See Pub.L. 98-478, §§ 218(a)(4) and 235, 98 Stat. 1838, 2027 (1984).

7

This Court already has disposed of the argument that Petitioner has an entitlement, rather than an eligibility, to parole after ten years of serving his sentence. Moreover, with consecutive sentences, the ineligibility periods are not stacked; rather, there is one ten-year parole ineligibility period for the entire aggregate sentence. <u>See</u> BOP Program Statement 5880.30, Sentence Computation Manual/Old Law/Pre-CCA 1984, Chapter VII, Page 19.

With respect to the calculation of good time credits under § 4161, Respondent has attached to his Answer the Declaration of Maribel Hernandez, an Assistant Inmate Systems Manager at the Federal Correctional Institution at Fort Dix. Hernandez explains that Petitioner's sentence expiration full-term date is August 12, 2020, which is 35 years after his sentence began, taking into account the jail credit Petitioner received for time spent in federal custody prior to the commencement of his federal sentence. From that date, the BOP has subtracted a total of 1104 anticipated days of Extra Good Time and 4200 anticipated days of Statutory Good Time, under § 4161, at a rate of 10 days per month of the 420 months of his sentence, for an anticipated mandatory release date of November 8, 2005.

Petitioner has pointed to no error in this calculation, and this Court can discern none. Accordingly, there is no merit to Petitioner's challenge to the calculation of his release date.

8

IV. <u>CONCLUSION</u>

For the reasons set forth above, the Petition must be denied.  An appropriate order follows.

<u> **s/ Jerome B. Simandle** </u>
Jerome B. Simandle
United States District Judge

Dated: **September 21, 2005**